**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

EDDIE E. BRILEY, JR.,
ADC #116921                                                                                              PLAINTIFF

v.                                        5:10-cv-00182-JMM-JTK

MAJOR TYLER, et al.                                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

Plaintiff Eddie Briley, Jr., is a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against Defendants, alleging excessive force and failure to protect as a result of two incidents which occurred in May, 2010, while Plaintiff was incarcerated at the W.C. "Dub" Brassell Detention Facility (Jail). Plaintiff asks for damages from Defendants.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held a Pre-Jury Evidentiary Hearing on September 13, 2011, to determine whether this case should proceed to a jury trial before the Honorable James M. Moody, United States District Judge. Pursuant to the standard set forth in Johnson v. Bi-State Justice Center, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the September 13, 2011 hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. Id. at 135-6. Viewing

the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Id., quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-2 (1986).

Defendants also filed a Motion for Summary Judgment (Doc. No. 26), to which Plaintiff now has responded (Doc. No. 38). Plaintiff also filed a Motion to Amend (Doc. No. 29); Defendants object in their Response (Doc. No. 36). Based upon the evidence introduced at the Pre-Jury Evidentiary Hearing, and the arguments and evidence set forth in the pending Motions and Responses, the Undersigned makes the following Recommendation with regard to findings and disposition.

**II.     Factual Findings**

1.     Plaintiff is currently incarcerated at the Varner Unit of the ADC and filed this action on June 22, 2010, while incarcerated as a pretrial detainee at the Jail.

2.     On May 8, 2010, Plaintiff was playing chess with another inmate in his pod when Defendant Bunting, a guard at the Jail, approached him and told him to take off his "do rag." Plaintiff refused to take it off, and when Bunting reached over to grab it off Plaintiff's head, Plaintiff moved and Bunting sprayed him with mace. Plaintiff then started to walk to the shower area, mouthing off to Bunting, and Bunting followed, spraying him in the back. At the shower, Bunting slammed Plaintiff to the floor and carried him out of the barracks in a choke hold. Plaintiff suffered a busted lip, a nose bleed and back pain. He was prescribed medication for pain.

3.     The Jail does not have a rule preventing inmates from wearing "do rags," and other inmates in the pod at the same time as Plaintiff were wearing "do rags." Following the incident,

Plaintiff filed four grievances (Plaintiff's Exhibits 1-4), and was told that Defendant Bunting was reprimanded for the incident.

4. On May 28, 2010, Plaintiff was asleep in his cell when Defendant Johnson, another guard at the Jail, came into his cell and placed his food tray on the floor. Plaintiff called Johnson a "bitch" for placing the tray on the floor. When Johnson returned to retrieve the tray, Plaintiff stood at the door of his cell and refused to hand the tray to her. Johnson left to obtain a mechanism for opening the trap door of Plaintiff's cell and when she returned, she again asked him for the tray. He responded to her, "bitch, you come get it yourself." Johnson then sprayed mace in the cell and stood at the door and laughed at Plaintiff. Johnson sprayed his cell a second time after Plaintiff refused another order for the tray.

5. Plaintiff wrote grievances about Defendant Johnson's behavior (Plaintiff's Exhibits 5-8) and was told that Johnson was reprimanded for the incident.

6. While incarcerated at the Jail, Defendants initially denied him use of the law library. After Plaintiff wrote grievances, Defendants allowed him to use the library for an hour, one time a month. They also provided him access to a computer for research purposes, but did not explain to Plaintiff how to use it. Plaintiff was provided the same access as any other inmate.

7. Plaintiff sued Defendants Major Tyler and Captain Adams, because he notified them on numerous occasions that guards were using unreasonable force against inmates for refusing orders. Plaintiff spoke with Defendant Adams in his office, and Defendant Tyler responded to Plaintiff's grievances.

**III.     Motion to Amend**

Plaintiff filed a Motion to Amend (Doc. No. 29) and submitted a proposed Amended Complaint. Defendants ask the Court to deny the Motion, stating that the Amended Complaint is the same as the Original Complaint, absent the law library allegation (Doc. No. 36).

Since the Proposed Amended Complaint offers no new claims or Defendants, the Court finds that Plaintiff's Motion to Amend should be denied.

**IV.     Summary Judgment**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Defendants' Motion (Doc. No. 26)

Defendants first state that Plaintiff's claims against them in their official capacities should be dismissed, because he did not provide any evidence or argument to show that the alleged constitutional violations were the result of a governmental custom or policy. Next, they claim that the actions of Defendants Bunting and Johnson were objectively reasonable under the circumstances, and did not rise to the level of a constitutional violation. Defendants state Plaintiff responded to Defendant Bunting's order by grabbing his arm, and that use of spray at that time was reasonable. Defendants also state Plaintiff continued to struggle with Bunting in the shower area, which required Bunting to place Plaintiff in a headlock in order to remove him from the area. With respect to the incident involving Johnson, Defendants state she used reasonable force to prevent Plaintiff from destroying Jail property, because he slammed his tray against the window of the cell. Defendants also state Plaintiff's claims for excessive force should be dismissed because his injuries were "de minimis," citing Luong v. Hatt, 979 F.Supp. 481, 485 (N.D.Tex.1997).

Defendants state that Plaintiff's allegations against Defendants Tyler and Adams are based on their supervisory positions, and he does not allege they were personally involved in either of the incidents. Furthermore, Plaintiff's allegation that they failed to take action against Defendant Bunting following the first incident does not support his failure to protect claim with respect to the second incident, because that incident involved a different guard, Defendant Johnson.

Finally, Defendants state Plaintiff's claim concerning denial of access to a law library should fail, because he was permitted access and because he does not allege that the inadequate access caused an actual injury, citing Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).

### B.  Plaintiff's Response (Doc. No. 38).

Plaintiff disputes Defendants' versions of the incidents surrounding his excessive force claims.  He notes that both Defendants were reprimanded by Jail officials for their participation in the incidents, and also disagrees with the Defendants' allegations that he failed to explain how he was harmed by the lack of access to the law library.

### C.  Analysis/Conclusions of Law

1. Since Plaintiff was a pretrial detainee at the time of the incident at issue, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement.  Bell v. Wolfish, 441 U.S. 520, 535 (1976).  In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims.  Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).  The standard for excessive force cases is one of "objective reasonableness."  Wilson v. Spain, 209 F.3d 713, 716 (8th Cir. 2000), and Moore v. Novak, 146 F.3d 531, 535 (8th Cir. 1998).  The standard for failure to protect is whether Defendants knew of and disregarded an excessive risk to his health or safety, and recklessly disregarded that risk, as set forth in Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998).

2.  Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions.  See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).  A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation.  Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).

3. A sufficient dispute of fact exists concerning the circumstances surrounding both the May 5, 2010, and May 28, 2010 incidents, so as to render summary judgment inappropriate with respect to the actions of Defendants Bunting and Johnson.

4. Plaintiff's allegations against Defendants Tyler and Adams are based on their supervisory positions only, and he offers no evidence or allegations that they were aware that Defendants Bunting and/or Johnson posed an excessive risk to Plaintiff's health or safety.

5. Plaintiff's allegations that he was denied appropriate access to the law library fail to support a constitutional claim of denial of access to the courts. Plaintiff does not allege that Defendants' actions caused actual injury to any of Plaintiff's other pending cases or litigation. See Lewis v. Casey, 518 U.S. 343, 349 (1996).

6. Plaintiff's allegations for monetary relief against all Defendants in their official capacities should be dismissed. Plaintiff does not allege that an unconstitutional county policy or practice caused the alleged constitutional violations. See Stauch v. City of Columbia Heights, 212 F.3d 425 (8th Cir. 2000). Rather, he filed as evidence the Jail policies governing the use of chemicals and the use of force, in an effort to show that Defendants failed to follow the policies. (Plaintiff's Exhibits 9, 10.)

7. Claims for excessive force can be maintained absent serious injury. Wilkins v. Gaddy, ___ U.S. ___, 130 S.Ct. 1175, 1178 (2010). Courts must consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Id., quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992). See also Chambers v. Pennycook, 641 F.3d 898 (8th Cir. 2011).

**V.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Motion to Amend (Doc. No. 29) be DENIED.

2.      Defendants' Motion for Summary Judgment (Doc. No 26) be GRANTED in part, with respect to Plaintiff's damages claims against Defendants in their official capacities.

3.      Defendants' Motion for Summary Judgment be GRANTED in part, with respect to Plaintiff's failure to protect allegations against Defendants Tyler and Adams

4.      Defendants' Motion for Summary Judgment be GRANTED in part, with respect to Plaintiff's claim for denial of access to the courts.

5.      Defendants' Motion for Summary Judgment be DENIED in part, with respect to Plaintiff's excessive force allegations against Defendants Bunting and Johnson.

IT IS SO RECOMMENDED this 20th day of September, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE