In the United States District Court
Eastern District of Arkansas
Pine Bluff Division

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 20 2011
JAMES W. McCORMACK, CLERK
By:
DEP CLERK

Eddie Briley, Jr.                                   Plaintiff

        Case no. 5:10-cv-182

Tyra Tyler, et al                        Defendants

## Addictional Exhibits

The Plaintiff Eddie Briley was instructed to
mail the addicitional Exhibits to the court within 10 days
per Magistrator Judge Kearny. Which the Named following
Are my addicitional Exhibits:

<u>1.</u> Dub Brassell Detention center, Detainee Handbook

<u>2.</u> Jefferson County Sheriff, Disciplinary Segregation/
        Due process policy.

<u>3</u> Jefferson county sheriff, Privilege Deprivation policy.

<u>4</u> Jefferson County Jail Detainee Rules

<u>5</u> Jefferson County Sheriff, Privilege Deprivation policy

<u>6</u> Jefferson County sheriff, Detainee Discipline Policy.

Respectfully Submitted,
Eddie _____ #716921
PO Box 400
Grady, Ar 71644

(MON)MAR 30 2009 14:25/ST. 14:20/No. 6813359435 P  6

.FROM MIKE HURST ADM

### Facility Security and Searches

The principal objective of DUB BRASSELL staff is to maintain a safe and secured environment for both officers and detainees. In order to accomplish this objective, policies were established, and action will be taken, to prevent contraband from entering the facility. Contraband is considered as being property or any other items that were not issued to you by jail staff. You will receive a disciplinary, or if warranted criminal action will be taken, if you are found in possession of contraband.

Searches will be conducted randomly for safety and security purposes and when there is reasonable belief that contraband exists. Therefore, you and your living quarters are subject to search at any time. If contraband is found disciplinary actions may be taken against you.

When rule violation involves criminal activity, threat of harm to detainees or staff, or serious damage to the facility, jail staff is authorized to use the amount of force necessary to maintain order. You should be aware that jail staff has available to them non-lethal weapons such as pepper spray, mechanical restraints and stun guns. Your conduct will determine the level of force used, up to and including deadly force.

Failure to keep yourself clean and maintain a clean living area will result in disciplinary actions being taken against you. Room inspections will be conducted randomly. You are expected to have your bed made-up and your living quarters clean.



# Dub Brassell Detention Center

## DETAINEE HANDBOOK

### Revised January 19, 2009

(MON)MAR 30 2009 14:25/ST. 14:20/No. 6813359435 P 3

FROM MIKE HURST ADM

## Dub Brassell Detention Center

During your detention at DUB BRASSELL your rights, as a detainee, will be protected and you will be given certain privileges. These rights and privileges are outlined below.

### Rights

You have the right to be treated humanely. You will be provided appropriate medical and mental health care, adequate diet and sanitary living conditions. You are entitled to a safe living environment and to be free from cruel or unusual punishment.

You have the right to reasonable access to the courts. You may make collect telephone calls to your attorney from the phone system assigned to your unit. You may write to and receive letters from your attorney or other legal authorities. Your attorney may visit you during normal business hours. You may request law library materials by way of a written request to the shift supervisor.

You have the right to worship according to your religious choice as long as your worshiping does not interfere with the safety and security of the jail. Private visits with clergy may be arranged during normal business hours.

You have the right to be free from discrimination and shall not be segregated solely on the basis of race, creed, color, religion or national origin.

### Appeals

The grievant may appeal any response or lack of response to the administrator, who shall respond in writing. If the grievant does not agree with the decision of the administrator, an appeal should be made to the sheriff. Appeals to the sheriff may be performed in the same manner as above.

### Records

All grievances and responses, dated and signed, are placed in the detainee's jail file.

### Retaliation

Employees are forbidden from punishing a detainee for writing a grievance. Any perceived punishment shall be reported to the jail administrator without delay. Substantiated reports of retaliation shall subject the employee to disciplinary action.

### Staff Responsibilities

Members of the staff shall attempt to prevent grievances by complying with jail policy, resolving informal complaints, and reporting perceived problems to their supervisors.

### Mail

Indigent detainees will be provided paper, envelopes and two first class stamps per week. Additional paper, envelopes and postage can be purchased through the commissary.

DB18. You are in violation of DUB BRASSELL rules if you commit any crimes as outlined in the "Arkansas Code of 2007 annotated."

You may be subject to a verbal reprimand, deprivation of privileges, cell restriction, and/or loss of good time if it is determined that you violated DUB BRASSELL rules. If the rule violation is a felony or misdemeanor under state law, you may also be tried in court.

DUB BRASSELL grievance process is accessible to you if you feel that you were unjustly charged with a rule violation.

### DUB BRASSELL Grievance Procedure

POLICY: It is the policy of this agency that detainees shall have the opportunity to present written grievances without punishment. Written detainee grievances shall be answered in writing in a timely manner by the grievance officer.

### Procedures

Any form paper can be used for the grievance process. Upon request, a detention deputy will provide a grievance form. The detainee must clearly describe all facts. The grievance is to be given to the grievance officer.

Grievances are reviewed upon receipt in a timely manner. Absent an emergency, the grievance is investigated and, if valid, resolved within a reasonable time. Valid emergencies receive immediate attention. The response will be given in writing within ten working days of the day the grievance is received.

Emergency grievances receive a response within 48 hours of the time the grievance is received.

You have the right to be free from self-incrimination and shall not be subjected to unlawful attempts to obtain statements or confessions while you are being detained.

You have the right to a hearing if you feel you were unjustly confined or deprived of a privilege. You will provide your appeal in writing and tell of any evidence you on your behalf. You will receive written notice of the hearing and a written statement as to why disciplinary actions were taken. The hearing officers will consist of a captain and one lieutenant. A written decision will be returned to you within five days. You may appeal any disciplinary actions, privilege deprivation or grievance decision by written correspondence to the jail administrators.

### Detainee Rules of Conduct

During your stay at Dub Brassell you will be required to adhere to the "Rules of Conduct." Failure to do so will result in disciplinary actions being taken against you. Criminal acts, felony or misdemeanor, will be handled by the judicial system. As mentioned previously, if you are charged with a rule violation you will have the opportunity to receive a hearing to determine your guilt or innocence. Administrative personnel will determine the penalties that will be imposed for serious rule infractions. These are acts, which seriously affect the security and order of the jail. Rule infractions will be handled by the jail supervisory staff.

*JEFFERSON COUNTY JAIL IS A SMOKE FREE FACILITY*

(MON)MAR 30 2009 14:25/ST. 14:20/No. 6813359435 P 4

· FROM MIKE HURST ADM

(MON) MAR 30 2009 14:24/ST. 14:20/No. 6813359435 P  3

. FROM MIKE HURST ADM

### DUB BRASSELL Detainee Rules

**DB1.** You are prohibited from fighting or attempting to provoke or agitate a fight.

**DB2.** You may not possess any weapons or unauthorized items which may be used as weapons.

**DB3.** Moving from an assigned area without permission from the duty officer is a rule violation. This includes entering into unauthorized areas or engaging in unauthorized activities.

**DB4.** You will be disciplined, up to and including criminal prosecution, for damaging, misusing, losing or destroying property belonging to the county or any other individuals. This includes tampering with or damaging any type of locking device.

**DB5.** Participating in disruptive conduct such as using profanity, making loud excessive noise, or being involved in aggressive horseplay.

**DB6.** Drawing on any surface or using toothpaste to stick items on the surface.

**DB7.** Possessing, buying, selling or attempting to introduce any narcotic, marijuana, alcohol or other intoxicants into the jail.

**DB8.** Refusing to obey an officer's command. All orders given to you by jail staff must be obeyed in a prompt, cooperative manner. If you are given conflicting orders, you should obey the last order given to you.

Using the detainee coinless phone system, you may call anyone that will accept your collect call. The coinless phones will not receive calls. DUB BRASSELL will not assist you with collect calls that are not being accepted or phone numbers that are blocked. To set up phone privileges you must call 1-814-949-3303.

DUB BRASSELL is a non-discrimination facility, all programs and activities will be accessible to all detainees regardless of race, creed, color or religion.

### Visitation

| Saturday | 7:30 AM until 9:30 AM |
|---|---|

All females, misdemeanors and federal detainees

| Sunday | 7:30 AM until 9:30 AM |
|---|---|

All felony detainees

You may have only one visit with a maximum of four visitors per visit. Visitation will be conducted via closed circuit monitors and you will be limited to ten minutes. All visitors bring a valid form of identification.

### Recreation

Recreation time will be one hour each day. You may partake in at least one hour of regular exercise (outside your cell) per day. Recreation, as well as any other privileges may be denied if there is reasonable belief that it will interfere with the order and safety of the facility.

(MON)MAR 30 2009 14:24/ST. 14:20/No. 6813359435 P  2

. FROM MIKE HURST ADM

### DUB BRASSELL Detainee Privileges

You will be given the privilege to write letters and receive mail. All personal letters and legal mail will be opened and inspected for contraband. Legal mail will be opened in your presence. Concealing contraband or using the mail to disrupt the "good order" of the facility can result in your mail privileges being terminated. Criminal evidence found in the mail will be forwarded to the prosecutor.

Legal mail must be sealed in the presence of a staff person who will initial and date the envelope. All other letters will be submitted for mailing unsealed. Cash and checks received through the mail will be returned to the sender. You may possess no more than two paperback books at anytime. You may receive news papers via the mail that is sent directly from the publisher. After 24 hours newspapers become the property of the facility. Any package sent to the facility after the detainee is released must be picked up within five days. Any property that remains after five days will become the property of the facility or will be destroyed. You will be held financially responsible for unauthorized packages that are sent to you that are "returned to the sender". It is your responsibility to inform your relatives and others of the jail packages and mail policies.

Attorneys and clergy may arrange visits during regular business hours, 8:00 AM to 5:00 PM. Any attorney visits after normal business hours must be approved by administrative personnel. Clergy visits are allowed twice a week for 30 minutes. Any visits beyond this time must be approved by the captain or above.

You will be allowed one hair cut per month.

DB9.  You are in violation of DUB BRASSELL rules if you refuse to keep yourself clean or your living area clean.

DB10.  Being in possession of contraband such as tobacco, lighters, money or any other items that were not issued to you by jail staff.

DB11.  Trafficking or trading any articles with anyone.

DB12.  Conspiring to introduce contraband into the jail, creating a conflict, causing the jail security to be threatened, or disrupting the daily routine of the jail. Conspiracy includes making false statements or giving false information to members of the jail staff.

DB13.  Deliberately injuring yourself or allow others to injure or disfigure you.

DB14.  You will be disciplined up to and including criminal prosecution for any type of sexual misconduct. This includes indecent exposure, rape, sexual assault, or forcing, coercing or soliciting anyone to perform a sexual act.

DB15.  Being involved in a theft, attempted theft, in possession of stolen property, or being involved in gambling in any form or fashion.

DB16.  Hoarding, abusing, trading, any other misuse of medication or refusing to accept treatment for a communicable disease as directed by medical staff.

DB17.  Causing bodily harm or threatening to cause bodily harm to any person within DUB BRASSELL. This includes throwing, ejections or expelling

You will be allowed to shower and receive clean uniforms. Male detainees will shower on Monday, Wednesday and Friday.  Female detainees will shower on Tuesday, Thursday and Saturday. The on-duty officer will issue cleaning supplies and utensils to you.

### Daily Routine

All activities will be conducted in a timely manner.  Activities such as sick call, meal call, visitation and recreation are not mandatory. You are not required to participate. However, if you are not ready when the activity is called, or you decline to participate, you will not be provided another opportunity until the next time the activity is scheduled. The activity schedule is listed below.

### Sick Call

9:00 AM          Monday          Wednesday                    Friday

All sick call requests must be in writing and submitted to the detention deputy by 8:30 PM the night before.  Emergencies will be seen anytime.

### Pill Call

9:00 AM          4:00 PM          Daily

### Chow Call

6:30 AM          11:00 AM          4:30 PM          Daily

### Authorized Personal Property

If you are detained for more than twenty-four hours, you will be issued a hygiene pack. Detainees with lengthy sentenced will be issued hygiene packs once a month. During your stay at Dub Brassell you may have the following property in your possession:

| | |
|---|---|
| 1 blanket | 1 Toothbrush |
| 1 pair of underwear | 1 tube of toothpaste |
| 1 set of clothes | 1 deodorant stick |
| 1 mattress | 1 pencil |
| 1 pair of sandals | mail |
| 2 photographs | |

You are not permitted to buy, sell or trade any items or personal property. All of your personal property will be inventoried during intake and stored in a secured area pending your release. Any other unauthorized items or property will be confiscated and disposed.

Any property to be released must be approved by the captain or above.  The detainee must initiate a written request for any property to be released or retrieved.

### Commissary

.A commissary should be in place by March 1, 2009. Commissary is a privilege and can be used as a disciplinary action. Any money on your person upon entering the facility will be placed in this account. The money in your account can be used to offset the expenses incurred during your stay. Any money left in the account upon your release will be refunded by check or debit card. If you leave the facility with an outstanding balance, upon returning this money can be used toward settling your debt. Family members can put money on your account by using the kiosk located in the lobby, credit/debit card, cash or the internet at www.tigercommissary.com.  You will be able to order commissary via the jail phone system. Orders must be placed on Mondays by 3:00p.m. and the orders will be delivered on Wednesday.

(MON)MAR 30 2009 14:24/ST. 14:20/No. 6813359435 P

.FROM MIKE HURST ADM

# JEFFERSON COUNTY SHERIFF
# DISCIPLINARY SEGREGATION/DUE PROCESS

## STAFF TRAINING

If the jail wants to use administrative segregation (e.g., isolation or "lockdown") or privilege deprivation as a form of discipline for breaking known detainee conduct rules (i.e., as opposed to segregation or deprivation that is directly related to an immediate need to restore order or ensure security and that is imposed temporarily and continued only until order and security is restored), then the 14th Amendment requires that the discipline be imposed only AFTER the detainee receives PROCEDURAL DUE PROCESS.

If a detainee is subjected to administrative segregation or privilege deprivation that is substantially "more onerous" than experienced by those in the general population, the segregation or deprivation can be imposed only AFTER the requirements of procedural due process have been followed. The essential part of procedural due process is that a final

409

deprivation of life, liberty, or property proceeded by notice and opportunity for hearing appropriate to the nature of the case.

In the jail detainee discipline context, the essential elements of procedural due process are:

- Prior notice of the disciplinary rules of the jail and the penalty that will be imposed for violation of the rules,

- An opportunity for the detainee to present his side of the story as to whether or not the detainee violated a known rule, and

- A decision-maker who was not a part of the incident that gave rise to the desire of the jail to impose discipline.

The principle of substantive due process requires that any jail discipline rules relate to legitimate jail order or detainee security objectives and requires that the discipline imposed not be excessive, based on the "totality of the circumstances." Before any detainee is subjected to discipline (segregation or deprivation), jail management should:

- Provide a person not involved in the underlying incident to hear both sides of the story before any disciplinary decision is made;

- Impose the penalty of administrative segregation only for the period of time thought necessary to

410

achieve jail order and detainee security objectives; and

- Impose the penalty of privilege deprivation only for a period of time thought necessary to achieve legitimate jail order and detainee security objectives.

# JEFFERSON COUNTY SHERIFF
# PRIVILEGE DEPRIVATION

## STAFF TRAINING

Depriving a detainee of a privilege (or right) enjoyed by the jail population generally, for the immediate, nonpunitive reason of restoring jail order to detainee security is not unconstitutional punishment, even if done without a due process hearing.  A pretrial detainee is an unconvicted citizen, "A pretrial detainee may not therefore be subjected to any punishment, 'cruel or unusual' or not.  Protection of pretrial detainees is founded in the due process and equal protection clauses of the 14th Amendment.  The only legitimate purpose of pretrial detention is assuring defendant's presence at trial.  Conditions of incarceration for detainees must, cumulatively, add up to the least restrictive means of assuring appearance at trial. Any privilege deprivation must, therefore, be related to the legitimate jail order or detainee security objectives of the jail.    Jail detainees similarly situated must be treated substantially the same, because "no state which includes a

404

city or county shall deny to any person within its jurisdiction the equal protection of the laws."

As an unconvicted citizen, a jail detainee retains all privileges enjoyed by citizens generally except the privilege deprivations that are necessary for the jail to maintain or restore order or security.  Since the due process clause of the Fourteenth Amendment prohibits any punishment of persons prior to a judgment of conviction, privilege deprivation that is not related to legitimate goals of ensuring security or maintaining order, or that exceed what the deprivation necessary for attaining such goals, is unconstitutional punishment.

405

# JEFFERSON COUNTY JAIL DETAINEE RULES

1.   Do not engage in any overt act that is inherently likely to provoke a disturbance of the civil peace of the jail; do not set a fire; do not riot or encourage others to riot; do not mutilate clothing or other items issued by the jail; and do not engage in any other conduct that creates an order or security problem for yourself, fellow detainees, jail staff, jail visitors, or any other person with whom you come into contact while you are a jail detainee.

2.   Do not possess any sharp object, do not possess any weapon, ammunition, or explosive substance; do not make or possess any unprescribed narcotic, medicine, or drug paraphernalia; do not make or possess any intoxicant; do not misuse any authorized medicine; do not deface, mark on, or place any substance whatsoever on doors, walls, fixtures, or other parts of the jail facility; and do not introduce, possess, or conceal any unauthorized objects of any kind.

3.   Do not use offensive, abusive, disrespectful, or obscene language; do not make unnecessary noise; do not speak in any manner that is likely to evoke a violent or disorderly response; and do not engage in any form of intimidating or harassing communications.

4.   Remember that "all men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences; that no man can, of right, be compelled to attend, erect or support any place of worship; or to maintain any ministry against his consent; that no human authority can, in any case whatsoever, control or interfere with the right of conscience; and that no preference shall ever be given, by law, to any religious establishment,

61

denomination or mode of worship above any other." Art. 2, Sec. 24, of the Ark. Constitution.

5.  Treat persons who come to visit you in jail in a manner that is outwardly respectful; obey the lawful orders of the jail staff; and keep yourself and your living area clean.

6.  Do not use deadly force, strike, or threaten another person without lawful justification.

7.  Do not commit adultery or fornication; do not engage in any sexual contact or conduct; and do not make any sexual threat or proposal.

8.  Do not steal; do not exercise unauthorized control over any property of another; do not request or receive any thing of value for protection or favors; do not tamper with any jail fixtures or equipment without expressed authorization by jail staff; and do not plan or participate in any escape.

9.  Do not stir up problems between other detainees; do not attempt to bribe any jail trustee or member of the jail staff; do not interfere with the head count; and do not participate in any unauthorized use of the phone, the mail, or other correspondence.

10. Do not tamper with the property of another and do not gamble.

**Important Note:** The rules for jail detainees apply to you only while you are a Jefferson County Jail Detainee, but apply both inside and outside the jail facility. These rules are promulgated in the interest of the jail's order and security. This statement of Detainee Rights is to be read and applied together with the Statement of Detainee Rights. Jail Detainee conduct that violates state law may result in criminal charges. Jail Detainee conduct that creates a breach of the civil peace of the jail may result in loss of privileges or confinement isolation from the general jail population for up to 30 days. The detainee's side of the story will be heard before discipline is imposed.

# JEFFERSON COUNTY SHERIFF
# PRIVILEGE DEPRIVATION

## STAFF TRAINING

<u>POLICY:</u>  Detainees generally shall be afforded equal privileges.  A detainee may be deprived of privileges only, and to the extent necessary, to maintain order and ensure security within the detention facility.

<u>PROCEDURES:</u>

A.    Initiation. Privilege deprivation may be initiated by the shift supervisor upon the recommendation of any staff member.

B.    Due Process

    1)    Pre-Deprivation Hearing.  If the privilege deprivation is not an emergency the shift supervisor hears the detainee's "side of the story" before depriving the detainee of any privilege.

    2)    Post-Deprivation Hearing. If the privilege deprivation is an emergency, the shift supervisor hears the detainee's "side of the story" after deciding to deprive the detainee of the privilege.

    3)    The factual basis for the privilege deprivation is explained to the detainee.

C.    Reviews and Duration

    1)    The privilege deprivation decision is reviewed by the shift supervisor at each shift change.

406

2)   Privilege deprivation is continued during the next shift only if there is a continuing factual basis for the deprivation.

D.   Restoration of Privileges.  Privileges are restored when the privilege deprivation is no longer necessary or appropriate to the effectuation of order or security.

E.   Confidentiality. The factual basis for privilege deprivation is considered confidential and is not discussed in the presence of other detainees.

F.   Documentation

1)   Privilege deprivations, including the factual basis for the deprivation, are documented by an incident report in the detainee's detention facility file.

2)   Continuations from shift to shift are documented in the detention facility log, and in the detainees' file giving the factual basis for the continuation.

3)   The restoration of privileges is documented in the detainee's file and the detention facility log.

G.   Administrative Segregation.   Detainees assigned to administrative segregation are subject to the same guidelines for privilege deprivation as detainees in the general detention facility population. (See section on Administrative Segregation on page 322)

H.   Example Situations.   Examples of appropriate types of privilege deprivation include, but are not limited to:

1)   Suspending television privileges for a fight caused by a channel selection disagreement.

407

    4)    Taking away books and papers for starting a fire using paper of any kind.

    5)    Feeding sandwiches to a detainee who throws food or destroys or throws the food tray.

I.    Annual Review.  This policy is reviewed by the detention facility administrator and designated staff members at least annually, and revised as needed.

408

# JEFFERSON COUNTY SHERIFF
# DETAINEE DISCIPLINE

## STAFF TRAINING

<u>POLICY:</u>  It is the policy of this facility that detainees shall be subjected to disciplinary action in accordance with the basic requirements and essential principles listed in this section.  It is recognized that disciplinary sanction is but one factor in the correctional treatment and control to be applied within the framework of these principles.

<u>PROCEDURES:</u>

A.   Disciplinary Action

    1)   Disciplinary action shall be taken at such times and in such measures and degree as is necessary to regulate a detainee's behavior, within acceptable limits.

    2)   Detainee behavior will be controlled in a completely impersonal, impartial and consistent manner.

    3)   Disciplinary action shall not be capricious, arbitrary or in the nature of retaliation or revenge.

    4)   The determination of disciplinary measures against any detainee is the responsibility of the sheriff.  Punishment of all offenses within the detention facility shall be by recommendation of the disciplinary hearing officer to the sheriff.  Punishment may be instituted after a hearing with the detainee and upon recommendation to the sheriff.  In no event shall punishment curtail a detainee's privileges, or cause him to remain in isolation status for more than thirty (30) days.

Sheriff Roberson was never made aware of my disciplinaries by the hearing officer and he didn't make no punishment recommendation as outlined in policy.

412

5)   Disciplinary action shall be taken as soon after the occurrence of misconduct as circumstances permit.

6)   Individual detainee records shall reflect misconduct's, dispositions, interpretive and evaluative statements regarding the detainee.

7)   Primary responsibility for the disciplinary program rests with the sheriff.

8)   The disciplinary process will be oriented toward the goals of helping the detainee learn to, and become willing to, incorporate controls over his own behavior, preventing behavior which is self-destructive and/or interferes with the orderly operations of the detention facility.   To achieve these goals the disciplinary hearing officer may refer to various detention facility programs and resources, reprimand, impose restrictions of various kinds or segregation.   All disciplinary action will be individualize in keeping with such factors as the offender's past history, facility adjustment, motivation and attitude.

9)   Whenever detainee misconduct violates the Arkansas Codes or Federal Law, the act or incident may be referred to the prosecutor's office for appropriate criminal procedures.

10)  The sheriff will retain continuing responsibility for consistency in the administration of discipline and for evaluating the results achieved.

11)  Each detainee will be advised at the time of arrival at the detention facility of his rights and responsibilities, acts prohibited in the detention facility, and types of disciplinary action which may be taken.  This information shall be posted or otherwise made available within twenty-four (24) hours after incarceration.

413

B.   Maximum Disciplinary Action for each Category

1)   Category I – Indefinite segregation and criminal charges, loss of commissary privileges.

2)   Category II – Segregation of 14 days, no commissary during segregation, criminal charges.

3)   Category III – Segregation of 7 days, no commissary during segregation

4)   Category IV – Segregation for 2 days, no commissary at the discretion of the hearing officer.

C.   Category I Offenses – The following offenses committed while in custody are classified as Category I Offenses.

1)   Killing.

2)   Assaulting another person.

3)   Fighting.

4)   Extortion, blackmail, protection, demanding or receiving money or anything of value in return for protection against another; to avoid bodily harm, or under threat of informing.

5)   Engaging in sexual acts with another.

6)   Escape.

7)   Attempting or planning escape.

8)   Setting a fire of any nature.

9)   Destroying, altering, or damaging issued clothing, mattresses, bedding or property of another person.

414

24) Engaging in or encouraging a group demonstration.

25) Possession of any item that may be used as a weapon or may be used to disable or injure another person.

26) Acting as cell or ward boss.

27) Violation of court appearance rules.

D. Category II Offenses – The following offenses committed in the sheriff's custody are classified as Category II Offenses:

1) Indecent exposure.

2) Taking another detainee's food without consent.

3) Misuse or hoarding of authorized medication.

4) Encouraging others to refuse to work, or participation in work stoppage.

5) Conduct which disrupts or interferes with the security or orderly running of the detention facility.

6) Using any equipment or machinery which is not specifically authorized.

7) Refusal to work.

8) Threatening another with bodily harm, or with any offense against his person or his property.

9) Making sexual proposals or threats to another.

10) Refusal to obey an order of any staff member.

11) Using abusive or indecent or obscene language.

12) Destroying or mutilating any portion or part of the issued detention facility rules for any reason, or altering any receipt.

13) Violation of privileged mail provisions.

F. Category III Offenses – The following offenses committed in the sheriff's custody are classified as Category IV Offenses:

1) Wearing a disguise or mask.

2) Possession of currency or money unless specifically authorized.

3) Possession of unauthorized food in the cell area.

4) Possessing unauthorized clothing.

5) Failing to perform work as instructed.

6) Participation in an unauthorized meeting or gathering.

7) Being in an unauthorized area of the facility.

8) Smoking where prohibited.

G. Disciplinary Process – The punishment of a detainee or group of detainees for any offense shall be by summary or disciplinary hearing officer.

1) Summary Punishment – Ordered by a detention facility supervisor without the detainee appearing at a hearing. Summary punishment shall not curtail the privileges of a detainee or group of detainees for more than two (2) days.

2) Disciplinary hearing officer

a) The detention facility administrator shall be the disciplinary hearing officer.   In the event of the

417

10) Stealing (theft).

11) Tampering with or blocking any locking device, damaging, tampering with or mutilating any locking device, fixture, or other property belonging to the facility.

12) Possession or introduction of an explosive or ammunition.

13) Possession, introduction or use of any narcotics, narcotic paraphernalia, drugs, or intoxicants not prescribed for the individual.

14) Mutilating or altering clothing or any county property issued by the detention facility.

15) Rioting.

16) Encouraging others to riot.

17) Threatening an employee (any county employee) or visitor, or other person.

18) Lying or providing a false statement to an officer or staff member.

19) Counterfeiting, forging, or unauthorized reproduction of any document, article of identification, money, security or official paper.

20) Being intoxicated.

21) Gambling.

22) Possessing any officer or staff's clothing.

23) Causing or engaging in a disturbance in court or on the way to or from court or other place outside the detention facility.

415

absence of the detention facility administrator or if the detention facility administrator is personally involved in the incident or offense, the chief deputy sheriff will assume the responsibilities of disciplinary hearing officer.

b) Hearings will be initiated by the filing of a disciplinary report by a detention officer or any staff member and upon receipt will be reviewed by the disciplinary hearing officer.

3) Disciplinary Report

c) The employee who observes or has the most personal knowledge of the incident or offense will write the report within 24 hours of discovery or knowledge of the alleged incident, excepting weekends or holidays. The heading and body of the report will be fully and clearly completed by this employee. Anything particularly unusual about the detainee's behavior will also be noted. The following is a listing of the areas to be completed by the reporting employee.

1) Name of the facility.

2) Date report written.

3) Detainee's complete name and facility number.

4) Detainee's cell number.

5) Charges or nature of offense, to include identification of role or criminal offense.

6) Date of offense.

7) Time of offense.

418

8) Full and complete statement of facts concerning the offense, including the names of any witnesses (staff or detainee) and location where offense occurred.

9) The disposition of any physical evidence (weapons, property, etc.) which the employee may have handled or confiscated.

10) Signature and title of the reporting officer(s).

d) The disciplinary report will be immediately forwarded to the detention facility administrator for his review after being completed. A copy of the charges will be delivered to the detainee by an employee no less than 24 hours prior to the hearing. The delivering employee will complete the section of the disciplinary report that documents delivery to the detainee, then furnish the detainee with a copy of the report. The original and one copy of the report will then be forwarded to the detention facility administrator for investigation.

H. Investigation of the Offense.

1) The investigation of the offense will be conducted and completed as soon after the offenses as possible. NOTE: If the detention facility administrator, or his designee, has determined that the detainee shall be separated from others prior to the hearing because he poses a threat to himself, others, or detention facility security, the hearing must be held within thirty-six (36) hours after the commencement of separation.

2) The hearing officer will thoroughly investigate the offense. He will talk to the detainee involved and obtain his statement of the offense. He may talk to the reporting officer to clarify any questions about

419

the offense or the report.  He will talk to witnesses and summarize their statements.  The disposition of evidence will be recorded.  The conclusions of the investigation may be included, but it must be clearly shown that they are the conclusions of the hearing officer.

6)   The hearing officer's report will be completed and signed by the hearing officer.

I.   The Hearing

1)   The hearing officer shall be disqualified from serving as the hearing officer if he is the person who initiated the disciplinary report, or if he participated in the investigation, or if he will serve as a witness at the hearing.

2)   The hearing shall be conducted informally and the detainee must be present during the hearing.  He has the right to respond in person to any charge made against him.  No evidence shall be considered by the hearing officer unless the detainee is advised of the nature of such evidence and has an opportunity to rebut it.  In the event a detainee is illiterate or is otherwise incapable of making his own defense, he may have the benefit of the assistance of an available detainee of his choosing if that detainee is not in isolation.

3)   The charged detainee may waive in writing his right to a hearing.

4)   The detainee who is charged shall have the opportunity to testify.  He shall be permitted to call witnesses in his behalf if to do so will not be unduly hazardous to the safe, orderly administration of the detention facility.  If it would be hazardous to call witnesses the detainee may document evidence in

420

his behalf.  If a limitation is placed on the detainee's right to present evidence the reasons for the limitation shall be noted in writing by the hearing officer.

5) The hearing officer will have access to a broad range of dispositional recommendations:

a) Reprimand.

b) Restriction of various kinds.

c) Administrative detention or disciplinary isolation.

d) Recommending program changes and assignments.

6) The choice of the recommendations by the hearing officer will be in writing and will be cognizant of the reasons for the adverse behavior, the setting and circumstances in which it occurred, and the involved detainee's accountability in and for the offense.  The choice of the recommendation goes far beyond mere compliance with the regulations.  To be fully effective, the detainee must understand and accept the reasonableness of the limitations being imposed upon him.

7) Within twenty-four (24) hours after the hearing the detainee shall be advised in writing of the findings of the hearing officer, the reasons for these findings and the penalties recommended and the punishment approved. Punishment recommendations by the hearing officer shall not include corporal punishment, denial of regularly provided food or clothing, denial of the right to communicate by telephone or in person with an attorney or recognized clergy or loss of legal mail or written correspondence privileges.

421

8) A detainee may appeal the disciplinary decision of a hearing authority to the sheriff. The appeal may challenge the finding of guilt or the type and degree of disciplinary action. Any appeal shall be initiated within ten (10) days of the disciplinary decision. The sheriff may reduce but not increase any disciplinary action imposed by the hearing authority.

J.   Filing Copies of the Disciplinary Report

1) The original of the disciplinary report will be filed with the detention facility administrator. The second copy will be placed in the notebook in the communications center.

2) The detention facility administrator is charged with keeping a record of all summary and disciplinary hearing punishments, detailing charges and punishments.

3) A copy of any disciplinary report may be sent to other detention facilities upon the detainee's transfer to another facility.